**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NASEER**<br>**(a/k/a Abdul Nasir)**<br>***Petitioner,***<br><br>**v.**<br><br>**GEORGE W. BUSH, et al.,**<br>***Respondents.*** | Civil Action No. 06-cv-01689 |

**OPPOSITION TO RESPONDENTS' MOTION TO DISMISS, MOTION FOR A STAY-AND-ABEY ORDER, AND NOTICE OF INTENT TO FILE PETITION UNDER THE DETAINEE TREATMENT ACT**

Petitioner, through counsel, opposes Respondents' Motion to Dismiss and further respectfully request that this Court, in the interests of justice, stay the dismissal of these habeas actions pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005 ("DTA"), and hold these actions in abeyance pending Petitioner's exhaustion of those remedies and the resolution in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. Petitioner further hereby notifies this Court of his intent to file a petition under the DTA in the District of Columbia Circuit

Court of Appeals.

At the time Petitioner filed his petitions, this Court had jurisdiction to review the grounds for detention, as the Supreme Court held in *Rasul v. Bush,* 542 U.S. 466 (2004). Since that time, Respondents have claimed that intervening statutes have deprived the District Courts of jurisdiction, a position Petitioner contests based on an array of factual and legal arguments. Respondents now request that all orders protecting litigants should be vacated, and the underlying petition should be dismissed, without the opportunity to persuade this Court Petitioner's case is viable and to make a record for appellate and Supreme Court review.

Respondents' position is untenable for six reasons: A) the *Boumediene* case, *Boumediene v. Bush*, 127 S.Ct. 1478 (2007), is not final nor is it dispositive given the statements of Justices Stevens and Kennedy regarding the need to exhaust remedies; B) under *Rhines v. Weber*, 544 U.S. 269 (2005), the procedure for addressing a pending petition while remedies are exhausted is for the District Court to stay the proceedings and hold them in abeyance pending exhaustion; C) under *United States v. United Mine Workers*, 330 U.S. 258, 290-91 (1947), while the Supreme Court rules on the jurisdictional questions, the lower courts have "authority, from the necessity of the case, to make orders preserving the existing conditions and the subject of the petition"; D) the stay-and-abey procedure is especially appropriate in the context of orders granted by the District Court to safeguard against violations of the Convention Against Torture; and E) Petitioner is not bound by the record established to date in *Boumediene*.

**A. *Boumediene* Is Not Final Or Binding Because The Denial Of Certiorari Was Based In Part On The Failure To Exhaust Remedies, Which Are Still Available To Those Petitioners And Are Being Exercised By This Petitioner.**

On February 20, 2007, a split panel of the DC Circuit Court of Appeals ("Court of Appeals") decided combined cases involving aliens detained at Guantánamo, finding that post-*Rasul* statutes deprived courts of jurisdiction. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). Because the petitioners in that case declined to seek review directly with the Court of Appeals under the Detainee Treatment Act of 2005, that Court found that the "only recourse" was to vacate the District Court decision and dismiss the case for lack of jurisdiction. *Boumediene*, 476 F.3d at 994. The petitioners filed for a writ of certiorari and, on April 2, 2007, the Supreme Court denied certiorari, with both a three-Justice dissent and a statement respecting the denial of certiorari. *Boumediene v. Bush*, 127 S.Ct. 1478 (2007). The statement of Justices Kennedy and Stevens found that, given "our practice of requiring the exhaustion of available remedies as a precondition to accepting jurisdiction over applications for the writ of habeas corpus," denial of certiorari was appropriate "at this time." The Justices specifically expressed concern regarding maintenance of the status quo during the litigation: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'"

The Respondents' reliance on *Boumediene* is misplaced for several reasons. First, the petitioners in that case have filed for reconsideration regarding the disposition of that

case. Because the mandate has not been issued, the litigation is not final. Second, the Petitioner in this case will file for DTA relief in the near future. The Supreme Court-approved recourse in these cases is to allow exhaustion while this Court stays proceedings pending the DTA litigation. Third, dismissal of this Court's proceedings, with its protective orders and rulings on issues necessary to the maintenance of litigation, would constitute exactly the type of prejudice to the Petitioner's ability to litigate that Justices Kennedy and Stevens instructed that the courts should guard against.

The motion to dismiss should be denied because it is premised on an incorrect reading of *Boumediene*. The government's attempts to subvert this Court's protective orders, without exhausting this Court's remedies regarding implementation of the protective orders, appears very much like the "steps to prejudice the position of petitioners in seeking review in this Court" about which Justice Kennedy warned.

**B. Because Exhaustion Of Remedies Is Available To The Present Petitioner, The District Courts Have Discretion To Enter Stay-And-Abey Orders, Which Are Mandatory By Analogy To *Rhines v. Weber*, 541 U.S. 269 (2005).**

Given the need to exhaust remedies under the DTA, this Court's proceedings should be stayed and held in abeyance pending completion of the Petitioner's DTA review directly in the Court of Appeals. In *Rhines*, 544 U.S. 269, the Supreme Court explicitly approved the stay-and-abey procedure in the closely analogous context of federal habeas corpus proceedings. In *Rhines*, the prisoner filed a mixed habeas petition in federal court, which contained both claims exhausted through the state court system and unexhausted claims. Given the major procedural risks of a dismissal order, the Court

found that District Courts have discretion to enter stay-and-abey orders in the federal habeas case while the unexhausted claims are presented to the state court. The federal habeas corpus case is stayed and held in abeyance for a reasonable time while available state remedies are exhausted.

The *Rhines* court found three preconditions for, in effect, mandatory stay-and-abey. In the absence of intentional dilatory tactics by the petitioner, "it is likely be an abuse of discretion for a district court to deny a stay and to dismiss" a petition if the petitioner has good cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*, 544 at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The conditions under which failure to stay-and-abey would constitute an abuse of discretion—no deliberate delay, good cause, and potentially meritorious claims—are abundantly present in this case. Unlike the death penalty cases that caused the Supreme Court concern in *Rhines*, every day of delay prejudices Petitioner.

There is also good cause for the failure to exhaust until now: the potential remedy did not exist until after the habeas corpus petitions were filed and did not purport to provide the habeas relief to which Petitioner was entitled at the time the habeas action was filed. In *Pace*, the Supreme Court noted that potential confusion regarding state remedies required equitable protections. 544 U.S. at 416. Guantanámo detainees face complexities that are similar and worse. The questions left open in the Supreme Court's decision in *Rasul*, which established a right to proceed under § 2241 at the time the petitioner submitted his documents, and the subsequent DTA and Military Commissions Act of 2006 ("MCA"), have resulted in major complications. Petitioner did not even have

the potential DTA remedy prior to October 2006, because, as the Supreme Court held, the DTA did not apply retrospectively to habeas corpus petitions filed prior to the effective date of the statute. *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2762-69 (2006).

### C. Under *United Mine Workers*, The Court Has Authority To Preserve The Status Quo While Jurisdictional Questions Are Litigated.

In the statement accompanying the *Boumediene* order, *supra*, two Justices stated: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" 127 S.Ct. 1478 (2007) (Justices Stevens and Kennedy, statement respecting the denial of certiorari). The Justices' language echoes the long-established principle that, even if there is no jurisdiction, that ultimate question is for the Supreme Court, and that while the matter is under consideration, the courts have "authority from the necessity of the case to make orders to preserve the existing conditions and subject of the petition." *United Mine Workers*, 330 U.S. at 291 (quoting *United States v. Shipp*, 203 U.S. 563, 573 (1906) (Holmes, J.)). The Court of Appeals has not hesitated to apply these principles:

> Of course, whether or not there was jurisdiction to decide the merits, until the question of jurisdiction is determined, there was "authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition . . . ." . . . Clearly there was "power to preserve existing conditions while . . . determining [the] authority to grant injunctive relief."

*In re President and Directors of Georgetown College*, 331 F.2d 1000, 1005 (D.C. Cir.

1964) (quoting *United Mine Workers*). This Court should carefully protect the status quo by maintaining the orders entered to date to assure Petitioner is not prejudiced in his ability to litigate the DTA action; to preserve potential remedies before this Court; and to protect Petitioner's safety.

The denial of certiorari in *Boumediene* leaves unanswered predicate questions necessary to deciding issues in Petitioner's case including: Does the DTA provide a forum for resolving issues regarding unlawful detention coextensive with traditional habeas corpus? If not, has the writ been unconstitutionally suspended or eliminated? Are the MCA and the DTA inapplicable given Petitioner's jurisdictional arguments regarding the absence of initial military jurisdiction, which would foreclose the CSRT from constituting a competent tribunal to render any decision regarding Petitioner? Is the government taking "additional steps to prejudice the position of petitioners in seeking review of this Court" and, if so, should this Court "act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised?" *Boumediene,* 127 S.Ct. 1478 (2007).

The motion to dismiss should be denied because the Court has insufficient information to answer a number of questions the DTA proceedings will answer. Further, if this Court eventually reaches the jurisdictional and constitutional questions, and rules adversely to Petitioner, there must be an adequate record for the Court of Appeal's appellate review and, if necessary, for the Supreme Court to decide whether to grant a writ of certiorari, all of which requires that the petitions in this Court remain in place until after Petitioner has exhausted the DTA procedures. During that process,

Respondents should be foreclosed from prejudicing Petitioner's ability to litigate these questions – at both the District Court and Circuit Court level.

### D. *Boumediene* Does Not Establish The Record To Which This Petitioner Should Be Bound Because He Is Exhausting Available Remedies, And Other Legal Theories May Be Available On The Facts Of Their Cases.

The *Boumediene* cases involve certain allegations and legal theories; those cases do not control all the potential issues to be raised by Petitioner. *Texas v. Cobb*, 532 U.S. 162, 169 (2001) ("Constitutional rights are not defined by inferences from opinions which did not address the question at issue."); see also *United States v. Booker*, 543 U.S. 220, 239-242 (2005) (limiting stare decisis effect of cases where constitutional issue was not raised or resolved). The most profound difference for the Petitioner will be the resolution of the now-open question of the scope and efficacy of the DTA remedy, which will only be known once the exhaustion of remedies is completed. Until then, the factual predicate for evaluation of the legal issues is lacking, rendering the cases unripe for the fully developed review anticipated by Justices Kennedy and Stevens in the *Boumediene* statement accompanying the denial of certiorari.

The *Boumediene* cases did not resolve all potential legal issues regarding the purported statutory disenfranchisement of the jurisdiction that existed at the filing of the habeas petitions under *Rasul*. The post-exhaustion litigation, if not mooted by relief granted under the DTA, should involve legal approaches that the *Boumediene* majority did not address and resolve. If *Rasul* means anything, the constitutional validity of the DTA statute must be determined in light of the post-DTA litigation and address the Petitioner's unique claims, including challenges under the bill of attainder, equal

protection, due process, habeas corpus, and ex post facto clauses.

## CONCLUSION

Petitioner's habeas corpus rights are far from finally decided: the Supreme Court has yet to speak on the merits, and Petitioner has not had their individual facts and legal arguments heard. Under governing Supreme Court precedent, the status quo should be preserved while the cases are litigated: under *United Mine Workers*, the courts have "authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition;" under *Rhines*, the mechanism for permitting exhaustion of remedies without prejudice to habeas corpus rights is to stay the District Court action and hold it in abeyance for a reasonable time for the DTA direct actions to be litigated.

For the foregoing reasons, this Court should deny Respondent's motion to dismiss pending Petitioner's exhaustion of their DTA remedies in the Court of Appeals and hold this action in abeyance pending Petitioner's exhaustion of those remedies and resolution by the Supreme Court of the MCA jurisdictional issue in *Hamdan* or *Ali*, or resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene*.

Dated: April 30, 2007

Respectfully submitted,

Richard A. Grigg
Texas Bar # 08487500
SPIVEY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701
Tel: (512) 474-6061
Fax: (512) 474-1605
Email: dicky@Grigg-Law.com

By: /s/ Richard A. Grigg
Richard A. Grigg

*Of Counsel*
Michale Ratner
William Goodman
Gitanjali Gutierrez
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on Respondents by EFC to the following persons:

**Terry M. Henry, Esquire**
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
20 Massachusetts Ave., NW, Suite 7144
Washington, DC 20044

and

**Andrew I. Warden**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

On this the day of April 30, 2007

Richard A. Grigg
Richard A. Grigg

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NASEER**<br>**(a/k/a Abdul Nasir)**<br>***Petitioner*,**<br><br>**v.**<br><br>**GEORGE W. BUSH, et al.,**<br>***Respondents*.** | Civil Action No. 06-cv-01689 |

**O R D E R**

Upon consideration of Petitioners' Motion to Stay-And-Abey Order, it is

ORDERED that this action be held in abeyance pending Petitioners' exhaustion of their remedies in the Court of Appeals under the Detainee Treatment Act of 2005 and the filing in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, or the Supreme court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari in *Hamdan v. Rumsfeld.*

SO ORDERED.

Dated: ____________________ ________________________________

UNITED STATES DISTRICT JUDGE