IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NASEER                                      )
   (a/k/a Abdul Nasir)                      )
   *Petitioner,*                               )
                               )    Civil Action No. 06-cv-01689
   v.                                       )
                                 )
GEORGE W. BUSH, et al.,                      )
   *Respondents.*                              )
                               )

## MOTION TO RECONSIDER AND VACATE
## ORDER OF SEPTEMBER 20, 2007 DISMISSING CASES

Petitioners respectfully ask the Court to reconsider and vacate its Order dated September 20, 2007, dismissing this case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007).

1.    The D.C. Circuit has made clear that this Court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in ¶¶ 1(b) and (d) below, the pendency of appeals deprives this Court of jurisdiction to dismiss 11 of the 16 cases it dismissed, including the above-captioned cases. In another case, a motion to recall the mandate is pending in the D.C. Circuit and a petition for certiorari has been filed.

a.    On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the mandate on July 26, 2007. (Ex. A.) The effect of the recall of the mandate was to divest this Court of jurisdiction to dismiss those cases, and to preserve in those cases the protective order and counsel access rules that gov-

ern Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantánamo.[1]

  b. Similarly, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, in light of *Boumediene*. (Ex. C.) On May 10, 2007, the D.C. Circuit issued the mandate in the case; on September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. (Ex. D.) *Kiyemba* is among the cases that this Court has dismissed. Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

  c. Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case in light of *Boumediene*. (Ex. E.) On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the mandate. (Ex. F.) On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of *Boumediene*. (Ex. G.)

  d. Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss 12 of the 16 cases that this Court has dismissed pending the Supreme Court's disposition of *Boumediene*, including the above-captioned cases; the D.C. Circuit directed that the cases be "held in abeyance pending fur-

---

[1] The day after this Court dismissed the 16 cases, the government sent counsel an email asserting that the dismissal rendered inoperative the protective order and counsel access rules that govern these cases. *See, e.g.*, Email dated Sept. 21, 2007, from Andrew Warden to David Remes (Ex. B). According to the government's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate"—*i.e.*, more restrictive— protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. *Id.* It would be anomalous, to say the least, if petitioners in the above-captioned cases or the others this Court dismissed were required to live under a more restrictive regime for client access and communications, and related orders, than the petitioners in the vast majority of habeas cases that, as discussed in the text, the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*.

ther order of the court." (Ex. H.) In its order, the D.C. Circuit also deferred consideration of the government's motion to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo.[2] Because the appeals in these cases are pending, this Court lacks jurisdiction to dismiss them. *See De-Fries*, 129 F.3d at 1302.[3]

    2.    Eleven other judges of this Court have denied or deferred government motions to dismiss pending the Supreme Court's disposition of *Boumediene*. *See, e.g., Taher v. Bush,* No. 06-cv-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26) (Ex. I); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-cv-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49) (Ex. J); *Al-Mohammed v. Bush*, No. 05-cv-0247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66) (Ex. K); *Khalid v. Bush*, No. 04-cv-1142 (RJL) (D.D.C. Aug. 7, 2007) (Doc. 90) (Ex. L); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66)

---

[2]  *Al-Hela v. Bush*, No. 05-cv-1048 (RMU), *appeal pending*, No. 05-5230 (D.C. Cir.); *Hatim v. Bush*, No. 05-cv-1429 (RMU), *appeal pending*, No. 05-5398 (D.C. Cir.); *Al-Oshan v. Bush*, No. 05-cv-0520 (RMU), *appeal pending*, No. 05-5237 (D.C. Cir.); *Tumani v. Bush*, No. 05-cv-0526 (RMU), *appeal pending*, No. 05-5244 (D.C. Cir.); *Sohail v. Bush*, No. 05-cv-0993 (RMU), *appeal pending*, No. 05-5478 (D.C. Cir.); *Al Karim v. Bush*, No. 05-cv-0998 (RMU), *appeal pending*, No. 05-5374 (D.C. Cir.); *Rabbani v. Bush*, No. 05-cv-1607 (RMU), *appeal pending*, No. 06-5235 (D.C. Cir.); *Alkhemisi v. Bush*, No. 05-cv-1983 (RMU), *appeal pending*, No. 06-5041 (D.C. Cir.); *Naseer v. Bush*, No. 06-cv-1689, *appeal pending*, No. 07-1188 (D.C. Cir.); *Zalita v. Bush*, No. 05-cv-1220 (RMU), *appeal pending*, No. 05-5353 (D.C. Cir.); *Al-Zarnouqi v. Bush*, No. 06-cv-1767 (RMU), *appeal pending*, No. 07-5148 (D.C. Cir.). The D.C. Circuit has separately recalled the mandate in *Kiyemba*, as discussed in ¶ 1(b) above. Of the four other cases dismissed by this Court, the D.C. Circuit dismissed appeals in two as moot because the petitioners had been transferred from Guantánamo. *Qayed v. Bush*, No. 05-cv-0454 (RMU), *appeal dismissed*, No. 05-5245 (D.C. Cir.); *Al-Subaiy v. Bush*, No. 05-cv-1453 (RMU), *appeal dismissed*, No. 05-5482 (D.C. Cir.). In the two other cases, no appeals were pending. *Al Halmandy v. Bush*, No. 05-cv-2385 (RMU); *Al-Delebany v. Bush*, No. 05-cv-2477 (RMU).

[3]  On April 25, 2007, this Court dismissed *Zalita v. Bush*, No. 05-cv-1220 (RMU), on receiving the D.C. Circuit's mandate. (Doc. 61.) The D.C. Circuit issued its mandate, however, before the Supreme Court granted review in *Boumediene* and the D.C. Circuit recalled its mandate in *Boumediene*. Zalita has asked the D.C. Circuit to recall the mandate in his case; his motion is pending. On September 21, 2007, Zalita filed a petition for certiorari in the Supreme Court.

(Ex. M); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Ex. N) (Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order). Judge Collyer dismissed the habeas cases assigned to her but reinstated them on reconsideration, *e.g.*, *Al Shimrani v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59) (Ex. O); and Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon v. Bush, et al.*, No. 05-cv-2386 (RBW) (D.D.C. Jan. 31, 2007) (Ex. P). Judge Robertson dismissed his cases before the Supreme Court granted certiorari in *Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

      3.     In *Kiyemba*, this Court rejected the government's claim that the Court could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases. The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. Apr. 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8.

*Kiyemba v. Bush*, No. 05-cv-01509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006) (mandate in appeal recalled by D.C. Circuit). It has not been "ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." As this Court noted, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id.* at *2 n.4.

     For these reasons, the Court should reconsider and vacate its Order of September 20, 2007, dismissing this case.

Dated: September 26, 2007

Respectfully submitted,

Richard A. Grigg
Texas Bar # 08487500
SPIVEY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701
Tel: (512) 474-6061
Fax: (512) 474-1605
Email:  dicky@Grigg-Law.com

By: _____

Richard A. Grigg

*Of Counsel*
Michale Ratner
William Goodman
Gitanjali Gutierrez
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on Re-

spondents by EFC to the following persons:

**Terry M. Henry, Esquire**
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
20 Massachusetts Ave., NW, Suite 7144
Washington, DC 20044

and

**Andrew I. Warden**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

On this the day of September 26, 2007

_____
Richard A. Grigg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NASEER** | ) | |
| **(a/k/a Abdul Nasir)** | ) | |
| *Petitioner*, | ) | |
| | ) | Civil Action No. 06-cv-01689 |
| **v.** | ) | |
| | ) | |
| **GEORGE W. BUSH, et al.,** | ) | |
| *Respondents*. | ) | |

### [PROPOSED] ORDER

Having considered Petitioner's Motion to Reconsider and Vacate Order of September 20, 2007 Dismissing Cases and the briefing and arguments thereon, it is hereby –

ORDERED, the Petitioner's motion is GRANTED; and it is further

ORDERED, that this Court's September 20, 2007 order dismissing the above-captioned cases for lack of jurisdiction is VACATED; and it is further

ORDERED, that consideration of any motion of respondents to dismiss the above-captioned cases or to vacate the protective order, the advance-notice order, or other orders entered therein is deferred pending (1) the Supreme Court's final disposition of *Boumediene v. Bush*, No. 06-1195 (S. Ct.), and *Al Odah v. United States*, No. 06-1196 (S. Ct.); (2) the D.C. Circuit's final disposition of *Boumediene* and *Al Odah*; and (3) the D.C. Circuit's final disposition of the above-captioned cases in No. 05-5224 (D.C. Cir.) and any other pending appeals.

_____
Richard M. Urbina
United States District Judge

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5062**                    **September Term, 2006**

**04cv01142**
**04cv01166**

**Filed On: July 26, 2007** [1056472]

Lakhdar Boumediene, Detainee, Camp Delta, et al.,
        Appellants

        v.

George W. Bush, President of the United States, et al.,
        Appellees

———————————————————————

Consolidated with 05-5063

**BEFORE:**    Sentelle,* Rogers, and Griffith, Circuit Judges

## O R D E R

    Upon consideration of appellants' motion to recall the mandate and the opposition thereto, it is

    **ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007.

### Per Curiam

                    **FOR THE COURT:**
                    Mark J. Langer, Clerk

        BY:

                    Nancy G. Dunn
                    Deputy Clerk

*Circuit Judge Sentelle would deny the motion.



EXHIBIT

A

## Remes, David

| | |
|---|---|
| **From:** | Warden, Andrew (CIV) [Andrew.Warden@usdoj.gov] |
| **Sent:** | Friday, September 21, 2007 6:04 PM |
| **To:** | Remes, David; Marc Falkoff; Knott, Jason |
| **Subject:** | Al Hela v. Bush (05-520) & Hatim v. Bush (05-1429) |
| **Attachments:** | GTMO Procedure Guide_Final.pdf; Bismullah-Parhat unopposed motion to amend PO.pdf |

Dear Counsel:

As you are aware, Judge Urbina's September 20, 2007 Order dismissed *Al Hela v. Bush* (05-CV-1048) and *Hatim v. Bush* (05-CV-1429). In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioners must be governed by a jurisdictionally-appropriate protective order entered in a pending DTA case. Thus, you must satisfy the following criteria prior to resuming access to the petitioners: 1) the filing of a DTA petition in the Court of Appeals; and 2) entry by the Court of Appeals of the Protective Order entered in *Bismullah v. Gates*, ___ F.3d ___, 2007 WL 2067938 (D.C. Cir. 2007), modified in accordance with the government's Unopposed Motion To Amend Protective Order, filed in *Bismullah* on August 20, 2007 (see attached); and 3) the signing of an acknowledgment agreeing to comply with the Guantanamo Procedure Guide For Counsel Access In Detainee Treatment Act Cases (see attached). If you choose to pursue entry of the protective order, please contact August Flentje (August.Flentje@usdoj.gov) who is handling the DTA litigation in the Court of Appeals.

With respect to any legal mail that you may have sent petitioners pursuant to the district court counsel access regime since dismissal of the habeas case, the mail will held by the Privilege Team (or returned to you at your request) pending satisfaction of the above criteria for counsel access in the DTA litigation, unless the mail has already been processed by the Privilege Team. In the event the Privilege Team has conducted its contraband review of the incoming legal mail and forwarded it to Guantanamo for delivery, the mail will be delivered to petitioners consistent with the prior district court protective order regime. Similarly, the Privilege Team will hold at the secure facility any outgoing legal mail sent by petitioners to you, pending satisfaction of the above criteria for counsel access in the DTA litigation. Thus, Privilege Team would not perform classification review of outgoing legal mail written by petitioners to you, nor would you be permitted to read such mail at the secure facility until the protective order is entered in a DTA case.

Please remember that certain requirements of the district court protective order, *i.e.*, requirements pertaining to the handling of classified and "protected" information appropriately, retain vitality beyond dismissal of the habeas case. See Protective Order, 344 F. Supp. 2d 174, ¶¶ 17, 35, 50, Exhibit B (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); Exhibit C (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation). Thank you in advance for your compliance in this regard.

Best regards,

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084



EXHIBIT
B

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5487**

**September Term, 2006**

FILED ON: MARCH 22, 2007 [1030199]

JAMAL KIYEMBA, NEXT FRIEND, ET AL.,

APPELLEES/CROSS-APPELLANTS

v.

GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES, ET AL.,

APPELLANTS/CROSS-APPELLEES

———

Consolidated with 05-5488, et al.

———

Appeals from the United States District Court
for the District of Columbia
(No. 05cv01509)
(No. 05cv01602)
(No. 05cv00833)
(No. 05cv00270)
(No. 05cv02053)

———

Before: GINSBURG, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. Twelve detainees at Guantanamo Bay, Cuba were involved in these cases. Three were non-enemy combatants (Zakirjan, Alladeen, and Saddiq Turkestani). The three non-enemy combatants have been transferred to other countries and released from U.S. custody. The other nine have been determined by the United States to be enemy combatants and remain at Guantanamo Bay (Abdusabur Doe, Abdusamad Doe, Abdunasir Doe, Hammad Doe, Hudhaifa Doe, Jalaal Doe, Khalid Doe, Saabir Doe, and Mamet). It is

**ORDERED** that the motion to dismiss the appeals as to the three non-enemy combatants be granted. Case Nos. 05-5491, 06-5042, and 06-5234 are hereby dismissed as moot in light of



the release of Alladeen and Zakirjan.  Case No. 05-5487 is hereby dismissed as moot with respect only to appellee Saddiq Turkestani, who has also been released from custody.  The Government's suggestion that the court direct the district court to dismiss as moot all other claims before it is declined.  The district court may consider, either *sua sponte* or on motion, whether the remaining claims before it are moot.  It is

**FURTHER ORDERED AND ADJUDGED** that the remaining cases involving the nine enemy combatants be dismissed for lack of subject matter jurisdiction.

After we heard oral argument in this case, the Congress passed the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006) (MCA), which the President signed into law on October 17, 2006.  Section 7(a) of the MCA amended 28 U.S.C. § 2241(e) to read:

(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 ... no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e).  The nine remaining Appellees/Cross-Appellants have been determined by the United States to be enemy combatants and are being held at the Guantanamo Bay Naval Base in Cuba.  In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), we held the MCA applies to the habeas petitions of enemy combatants being held at Guantanamo.  *Id.* at 987-88.  We further held the MCA is not an unconstitutional suspension of the writ of habeas corpus.  *Id.* at 988-94.  We therefore concluded that "[f]ederal courts have no jurisdiction in these cases."  *Id.* at 994.  Pursuant to that decision and 28 U.S.C. § 2241(e)(1)-(2), we do not have jurisdiction over the remaining cases.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5487**

**September Term, 2007**
**05cv00270, 05cv00833**
**05cv01509, 05cv01602**
**05cv02053**

**Filed On: September 7, 2007**

[1065463]
Jamal Kiyemba, Next Friend, et al.,

      Appellees

    v.

George W. Bush, President of the United States, et al.,

      Appellants

———

Consolidated with 05-5488, 05-5489, 05-5490,
05-5491, 05-5492, 06-5042, 06-5234,

    **BEFORE:**    Ginsburg, Chief Judge, and Griffith and Kavanaugh,* Circuit
Judges

## O R D E R

Upon consideration of the motion to recall the mandate and the opposition thereto, it is

**ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued May 10, 2007.

**Per Curiam**

           **FOR THE COURT:**
           Mark J. Langer, Clerk

    BY:

           Nancy G. Dunn
           Deputy Clerk

* Circuit Judge Kavanaugh would deny the motion. *Cf. Belbacha v. Bush*, No. 07A98 (U.S. Aug. 10, 2007) (Supreme Court order declining to prevent Government from transferring detainee from Guantanamo Bay to Algeria, notwithstanding grant of certiorari in *Boumediene*).

**EXHIBIT**

D

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5194

September Term, 2006

04cv02022

**Filed On: April 9, 2007** [1033613]

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
   Appellants

   v.

George W. Bush, Jr., et al.,
   Appellees

Consolidated with 05-5211, 05-5333

06-1038

Saifullah Paracha,
   Petitioner

   v.

Robert M. Gates, Secretary of Defense,
   Respondent

06-1117

Saifullah Paracha,
   Petitioner

   v.

Robert M. Gates, Secretary of Defense,
   Respondent



EXHIBIT

E

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

## No. 05-5194                                    September Term, 2006

BEFORE:    Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
            Senior Circuit Judge

## O R D E R

Upon consideration of the motion of respondents-appellees to govern future proceedings and to dismiss Nos. 05-5194, 05-5211, and 05-5333, to proceed with petition for review No. 06-1038, and to dismiss No. 06-1117; and the motion of petitioner-appellant to consider and grant his dispositive motion, it is

**ORDERED** that the motion of petitioner-appellant to consider and grant his dispositive motion in all of his cases be denied without prejudice to any claims raised by petitioner in No. 06-1038.  It is

**FURTHER ORDERED** that Nos. 05-5194 and 05-5333 be remanded to the district court with instructions to dismiss the petitions for writ of habeas corpus for lack of jurisdiction.  See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), cert. denied, ___ S.Ct. ___, 2007 WL 957363 (April 2, 2007) (No. 06-1195, 06-1196).  It is

**FURTHER ORDERED** that No. 05-5211 be dismissed as moot without prejudice to any claims raised by petitioner in No. 06-1038.  It is

**FURTHER ORDERED** that petitioner's motions relating to conditions of his confinement be dismissed.  The court lacks jurisdiction to consider these claims.  See 28 U.S.C. § 2241(e); Section 7(a) of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006).  It is

**FURTHER ORDERED** that No. 06-1117 be dismissed.  The court lacks jurisdiction to review Administrative Review Board determinations.  See Sections 1005(e)(2)(A), (e)(3)(A) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (2005).  It is

**FURTHER ORDERED** that the following briefing schedule apply in No. 06-1038:

| | |
|---|---|
| Brief for Petitioner | July 16, 2007 |
| Appendix | July 16, 2007 |
| Brief for Respondent | August 15, 2007 |
| Reply Brief for Petitioner | August 31, 2007 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5194**                                    **September Term, 2006**

     The parties are directed to take into account the court's disposition of No. 06-1197, <u>Bismullah v. Gates</u>, and No. 06-1397, <u>Parhat v. Gates</u> (scheduled for argument on May 15, 2007), in addressing issues related to discovery and this court's scope of review. The court will not entertain any motions for extension of time to file briefs but may permit supplemental briefing if No. 06-1197 and No. 06-1397 are decided after completion of briefing in No. 06-1038. The briefs and appendix are to be filed and served by hand by 4:00 p.m. on the date each is due. It is

     **FURTHER ORDERED** that No. 06-1038 be scheduled for oral argument on September 17, 2007, at 9:30 a.m. before Chief Judge Ginsburg, Circuit Judge Randolph, and Senior Circuit Judge Edwards. The time and date of oral argument will not change absent further order of the court. The parties will be notified by separate order of the allocation of time for oral argument.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 05-5194, 05-5333, and 06-1117 until seven days after disposition of any timely petition for rehearing or rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5194**                       **September Term, 2006**

04cv02022

**Filed On: June 20, 2007** [1048438]

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
      Appellants

     v.

George W. Bush, Jr., et al.,
      Appellees

———————————————————————

Consolidated with 05-5333

**BEFORE**:   Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
Senior Circuit Judge

## O R D E R

    Upon consideration of appellants' motion to stay the mandate, the opposition
thereto, and the reply, it is

    **ORDERED** that the motion be denied.

### Per Curiam

                      **FOR THE COURT:**
                      Mark J. Langer, Clerk

             BY:

                      Michael C. McGrail
                      Deputy Clerk



EXHIBIT

F

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5194**                                    **September Term, 2007**

**04cv02022**

**Filed On: September 7, 2007**

[1065327]
Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
      Appellants

     v.

George W. Bush, Jr., et al.,
      Appellees

_____

Consolidated with 05-5333

**BEFORE:**    Ginsburg, Chief Judge, and Randolph, Circuit Judge, and Edwards,
               Senior Circuit Judge

## O R D E R

Upon consideration of appellants' motion to recall the mandate and the
opposition thereto, and it appearing that no mandate has issued, it is

**ORDERED**, on the court's own motion, that the issuance of the mandate be
stayed pending further order of the court.  It is

**FURTHER ORDERED** that the motion to recall the mandate be dismissed as
moot.

The parties are directed to file motions to govern within thirty days of the
Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos.
06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Nancy G. Dunn
Deputy Clerk



EXHIBIT

G

# United States Court of Appeals

### For The District of Columbia Circuit

———

**No. 05-5224**                              **September Term, 2006**

01cv01001, 04cv01135, 04cv01144,
04cv01194, 04cv01254, 04cv02035,
04cv02215, 05cv00023, 05cv00247,
05cv00270, 05cv00280, 05cv00301,
05cv00329, 05cv00359, 05cv00392,
05cv00454, 05cv00490, 05cv00492,
05cv00520, 05cv00526, 05cv00551,
05cv00569, 05cv00586, 05cv00621,
05cv00634, 05cv00665, 05cv00723,
05cv00877, 05cv00881, 05cv00887,
05cv00993, 05cv00998, 05cv01048,
05cv01189, 05cv01220, 05cv01236,
05cv01246, 05cv01429, 05cv01453,
05cv01489, 05cv01491, 05cv01555,
05cv01635, 05cv01645, 05cv01649,
05cv01666, 05cv01668, 05cv01714,
05cv01806, 05cv01857, 05cv01983,
05cv02185, 05cv02186, 05cv02197,
05cv02248, 05cv02379

**Filed On: August 9, 2007** [1059498]

Mahmoad Abdah, Detainee, Camp Delta, et al.,
    Appellees

    v.

George W. Bush, Jr., President of the United States,
et al.,
    Appellants

———————————————————————

Consolidated with 05-5225, 05-5226, 05-5227,
05-5228, 05-5229, 05-5230, 05-5231, 05-5232,
05-5233, 05-5234, 05-5235, 05-5236, 05-5237,
05-5238, 05-5239, 05-5241, 05-5242, 05-5243,
05-5244, 05-5245, 05-5246, 05-5247, 05-5248,
05-5337, 05-5338, 05-5339, 05-5340, 05-5341,
05-5353, 05-5374, 05-5390, 05-5398, 05-5399,
05-5478, 05-5479, 05-5480, 05-5482, 05-5483,
05-5484, 05-5486, 06-5037, 06-5039, 06-5040,
06-5041, 06-5043, 06-5044, 06-5061, 06-5062,
06-5063, 06-5064, 06-5065, 06-5066, 06-5067,
06-5068, 06-5094



# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5224**                    **September Term, 2006**

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion to vacate and dismiss in Nos. 05-5224, et al., and the notice of additional authority, the oppositions thereto, and the replies; the motion to hold in abeyance and to stay dismissal or order reinstatement in Nos. 05-5224, et al., and the opposition thereto; the motion to defer ruling on the motion to dismiss in No. 05-5226 and the opposition thereto; and the Supreme Court's orders granting the petitions for writ of certiorari in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 and 06-1196, it is

**ORDERED** that the motion to defer ruling on the motion to dismiss in No. 05-5226 be denied.  It is

**FURTHER ORDERED** that the motion to dismiss the appeals be granted in part. Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5044, -5061, -5063, -5066, and -5068 are hereby dismissed as moot in light of the release of the petitioners from United States custody.  No. 06-5040 is hereby dismissed as moot because petitioner is deceased.  It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5234, 05-5483, 06-5061, and 06-5066 be dismissed as moot in light of petitioners' release and the district court's dismissal of the petitions for writ of habeas corpus.  It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5226, -5233,  -5241, -5245, -5340, -5341, -5399, -5480, -5482, and Nos. 06-5040, -5044, -5063, and -5068 be denied without prejudice.  The district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot.  <u>See</u> <u>Kiyemba v. Bush</u>, 219 Fed. Appx. 7 (D.C. Cir. 2007).  It is

**FURTHER ORDERED** that consideration of the government's motion to vacate and dismiss the remaining cases in Nos. 05-5224, et al., and appellees' motion to stay dismissal or order reinstatement, be deferred and these consolidated cases held in abeyance pending further order of the court.  The parties are directed to file motions to govern further proceedings within thirty days of the Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).  It is

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 05-5224**                                        **September Term, 2006**

      **FURTHER ORDERED** that the consolidation of Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 with Nos. 05-5224, et al., be terminated.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate in Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk/LD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MOHAMMED AHMED TAHER, <u>et</u> <u>al.</u>,    :
                                          :
          Petitioners,                    :
                                          :
     v.                                   :    Civil Case No. 06-1684(GK)
                                          :
GEORGE W. BUSH, <u>et</u> <u>al.</u>,     :
                                          :
          Respondents.                    :
                                          :

---

## ORDER

This matter is before the Court on Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5].

On June 29, 2007, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in <u>Boumediene</u> <u>v. Bush</u>, 476 F.3d 981 (D.C. Cir. 2007). Accordingly, it is hereby

**ORDERED** that Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5] is **denied without prejudice** until the Supreme Court has ruled definitively on the issue of this District Court's jurisdiction.

                                          /s/
September 13, 2007                        Gladys Kessler
                                          United States District Judge

**Copies to: Attorneys of Record via ECF**



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AHMED AL DARBY,** ) | |
| *et al.,* ) | |
| **Petitioner,** ) | **Civil Action No. 05-2371 (RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **GEORGE W. BUSH,** ) | |
| **President of the United States,** ) | |
| *et al.,* ) | |
| **Respondents.** ) | |

## ORDER

Until a final ruling is made on this Court's jurisdiction, the petitioner's motion [24] for an order requiring notice of transfer or return, and petitioner's motion [25] for an order requiring factual returns are both denied, without prejudice.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, August 8, 2007.



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **MAHMOOD SALIM AL-MOHAMMED, et al.,** |
| **Petitioners,** |
| **v.** |
| **GEORGE W. BUSH, et al.,** |
| **Respondents.** |

**Civil Action 05-00247 (HHK)**

## ORDER TO STAY AND HOLD IN ABEYANCE

Petitioner Al-Mohammed is a Syrian national being detained by the U.S. military at Guantánamo Bay Naval Base who has filed a habeas corpus petition challenging the legality of his detention. Before the court is Petitioner's motions to stay and abey his habeas corpus motions [#55], pending resolution of the appeals in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).



EXHIBIT

K

Petitioner seeks an order staying his petition in light of the pending review in *Boumediene*. The Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motion, the opposition thereto, and the record in this case, it is this August 7, 2007, hereby

**ORDERED** that Petitioner's motion to stay and abey this case [#55] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.

Henry H. Kennedy, Jr.
United States District Judge

---

[1]    The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RIDOUANE KHALID, et al.,     )
                             )
                             )
     **Petitioners,**     )
                             )
     **v.**                   )     **Civ. Action No. 04cv1142 (RJL)**
                             )
GEORGE WALKER BUSH, et al.,   )
                             )
     **Respondents.**     )

**FILED**

**AUG 0 6 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

Upon consideration of our Circuit's recent decision in *Boumediene v. Bush*, D.C. Circuit Nos. 05-5062, 05-5064, which concluded that this Court lacks jurisdiction over cases of this type, and in light of the United States Supreme Court's decision to grant *certiorari*, it is, this 5 day of August, 2007, hereby

**ORDERED** that the above-captioned matter is stayed pending resolution of all appeals in *Khalid v. Bush*, No. 04-cv-1142(RJL), *Boumediene v. Bush*, No. 04-cv-1166 (RJL), and the *In re Guantanamo Bay Detainee Cases*, No. 02-cv-299, *et al.*

     **SO ORDERED**.

RICHARD J. LEON
United States District Judge



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HADI OMAR MAHMOUD FARAJ, )<br><br>Petitioner, )<br><br>v. )<br><br>GEORGE W. BUSH, et al., )<br><br>Respondents. ) | Civil Action No. 05-1490 (PLF) |

ORDER

This matter is before the Court on defendants' motion to dismiss.  In light of the

Supreme Court's grant of certiorari in *Boumediene v. Bush*, – S.Ct. –, 2007 WL 1854132 (June

29, 2007) (No. 06-1195) and *Al-Odah v. Bush*, – S.Ct. –, 2007 WL 681992 (June 29, 2007) (No.

06-1196), the undersigned concludes that the pending motion to dismiss should be denied

without prejudice pending the Supreme Court's decision.  *See Al Maqaleh v. Gates*, Civil Action

No. 06-1669, 2007 WL 2059128 (D.D.C. July 18, 2007) (denying without prejudice motion to

dismiss in case filed by detainee held in Afghanistan).  Accordingly, it is hereby

ORDERED that defendants' motion to dismiss [55] is DENIED without

prejudice.  This matter will remain stayed pending the Supreme Court's resolution of

*Boumediene v. Bush* (06-1195) and *Al-Odah v. Bush* (06-1196).  It is



EXHIBIT

M

FURTHER ORDERED that petitioner's motion to stay and hold in abeyance [54]

is denied as moot.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN

DATE:  July 27, 2007                    United States District Judge

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FADI AL MAQALEH,**

**Petitioner,**

**v.**

**ROBERT GATES, et al.,**

**Respondents.**

Civil Action No. 06-1669 (JDB)

### ORDER

Petitioner Fadi Al Maqaleh, a Yemeni citizen detained at the Bagram Airfield in

Afghanistran, seeks a writ of habeas corpus ordering, among other things, his release from the

allegedly unlawful custody of the United States. Respondents have moved to dismiss his petition for

lack of subject-matter jurisdiction. They argue that the Military Commissions Act of 2006 ("MCA"),

Pub. L. No. 109-366, § 7(a), 120 Stat. 2636, unambiguously eliminates the statutory basis for

subject-matter jurisdiction, and that petitioner has no independent right to habeas review under the

Constitution or the common law. Respondents' argument on the latter point is based in substantial

part on the D.C. Circuit's decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), in which

the court held that the MCA divests federal courts of jurisdiction over all actions filed by aliens

captured abroad and detained as enemy combatants at the Guantanamo Bay Naval Base (except for

the specific review available under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119

Stat. 2742), and also that such aliens have no constitutional or common-law right to habeas review.

476 F.3d at 988-994.

By the time that briefing on respondents' motion was completed in late April of this year, the

-1-



Supreme Court had denied two petitions for certiorari seeking review of the <u>Boumediene</u> decision. 127 S. Ct. 1478 (April 2, 2007). The court of appeals later issued its mandate on June 27, 2007. As of that date, then, the <u>Boumediene</u> decision was by all appearances final, and the law of this circuit firmly established. But on the final day of its term, the Supreme Court reversed course and granted the two petitions for certiorari. <u>Boumediene v. Bush</u>, -- S. Ct. --, 2007 WL 1854132 (June 29, 2007) (No. 06-1195); <u>Al Odah v. United States</u>, -- S. Ct. --, 2007 WL 681992 (June 29, 2007) (No. 06-1196). Those petitions directly challenge the D.C. Circuit's resolution of, among other issues, the following question: whether aliens captured and detained by the United States outside of the United States have a right under the Constitution or at common law to challenge their detentions via habeas corpus petitions. Petition for a Writ of Certiorari at i, <u>Al Odah v. United States</u> (No. 06-1196).

Putting to one side what may ultimately be significant differences between the Guantanamo detainees and those confined at Bagram, the answer to this question is equally relevant here. Even if respondents are correct that the MCA eliminates any <u>statutory</u> basis for subject-matter jurisdiction, the Court will still need to address petitioner's contention that he enjoys a constitutional or common-law right to habeas review. Definitive resolution of that issue, however, should await the Supreme Court's ruling in <u>Boumediene</u>. If the Supreme Court accepts the D.C. Circuit's reasoning and conclusion with respect to the availability of habeas review, respondents may well prevail on their motion to dismiss this case. Respondents may also prevail even if the Supreme Court rules narrowly for the Guantanamo detainees based on its previous decision in <u>Rasul v. Bush</u>, 542 U.S. 466 (2004). On the other hand, the Supreme Court could issue a broader decision in favor of the detainees, one whose reasoning applies not just to Guantanamo, but to Bagram and other locations as well. In short, whatever conclusion it reaches, and whatever the grounds for that conclusion, the Supreme Court's decision in <u>Boumediene</u> is likely directly to affect the outcome of this case.

This Court recognizes that the D.C. Circuit's ruling in <u>Boumediene</u> remains, at least for now, controlling precedent with respect to the Guantanamo detainees. But that decision does not definitively resolve the jurisdictional questions raised by this case. As such, this Court retains both the authority to determine its own jurisdiction, <u>see</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and the related power, until the jurisdictional issues are finally determined, "'to make orders to preserve the existing conditions and the subject of the petition.'" <u>See</u> <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 291 (1947) (quoting <u>United States v. Shipp</u>, 203 U.S. 563, 573 (1906)). Exercising only these limited powers, and given the significance of the issues pending before the Supreme Court in <u>Boumediene</u>, the Court concludes that the most sensible course following the belated grants of certiorari is to deny respondents' motion to dismiss without prejudice to refiling following the <u>Boumediene</u> decision. <u>See</u> <u>Ameziane v. Bush</u>, Civ. A. 05-0392 (ESH) (D.D.C. July 5, 2007) (minute order entered in Guantanamo cases denying without prejudice respondents' motions to dismiss the habeas petitions filed by detainees). Accordingly, it is this 18th day of July, 2007, hereby

**ORDERED** that [7] respondents' motion to dismiss for lack of subject-matter jurisdiction is **DENIED WITHOUT PREJUDICE** to refiling following the Supreme Court's decision in <u>Boumediene v. Bush</u>, No. 06-1195, and <u>Al Odah v. United States</u>, No. 06-1196.

**SO ORDERED**.

        /s/  John D. Bates
        JOHN D. BATES
        United States District Judge

Dated:   July 18, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MOHAMMED ABDUL RAHMAN AL SHIMRANI,** *et al.*, | ) ) ) ) | |
| **Petitioners,** | ) ) | |
| v. | ) ) ) | **Civil Action No. 05-2249 (RMC)** |
| **GEORGE WALKER BUSH,** *et al.*, | ) ) ) | |
| **Respondents.** | ) ) | |

## ORDER

This matter comes before the Court on Petitioners' Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance. *See* May 9, 2007 Order [Dkt. #48]. In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the D.C. Circuit ruled that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated jurisdiction of the federal courts to consider habeas actions by Guantanamo detainees, and that the Guantanamo detainees, as aliens outside the sovereign territory of the United States, lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction. The mandate issued on June 27, 2007 pursuant to Federal Rule of Appellate Procedure 41(b). The Supreme Court granted certiorari on June 29, 2007 in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) pursuant to Supreme Court Rule 44.2 and vacated its April 2, 2007 Order denying certiorari. On July 26, 2007, the Court of Appeals ordered that "the mandate be recalled" and that "[t]he Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007." *Boumediene v. Bush*, D.C. Cir. Nos. 05-5062; *Al Odah v. United*



**EXHIBIT**

*States*, D.C. Cir. No. 05-5064.  In light of these recent events, the Court will grant the Petitioners'

motion for reconsideration and will stay and hold this case in abeyance pending the Supreme Court's

decision in *Boumediene*.  Accordingly, it is hereby

      **ORDERED** that Petitioner's Motion for Reconsideration of Order Dismissing

Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance [Dkt.

#53] is **GRANTED**; and it is

      **FURTHER ORDERED** that this case is stayed pending the Supreme Court's

decision  in *Boumediene v. Bush*.

      **SO ORDERED.**


                               _____/s/_____
                               ROSEMARY M. COLLYER
                               United States District Judge

DATE: August 22, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM GHEREBI,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE WALKER BUSH, <u>et al.</u>,<br><br>    Respondents. | Civil Action No: 04-1164 (RBW) |
| ISA ALI ABDULLA ALMURBATI, <u>et al.</u>,<br><br>    Petitioners,<br><br>    v.<br><br>GEORGE WALKER BUSH, <u>et al.</u>,<br><br>    Respondents. | Civil Action No. 04-1227 (RBW) |
| ELHAM BATTAYAV<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE WALKER BUSH, <u>et al.</u>,<br><br>    Respondents. | Civil Action No: 05-714 (RBW) |
| KARIN BOSTAN,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE WALKER BUSH, <u>et al.</u>, | Civil Action No. 05-883 (RBW) |



Respondents.                              )
_____   )
NASRULLAH,                                )
                                          )
   Petitioner,             )
                                          )
   v.                       )     Civil Action No. 05-891 (RBW)
                                          )
GEORGE WALKER BUSH, <u>et al.</u>,        )
                                          )
   Respondents.             )
_____   )
ASIM BEN THABIT AL-KHALAQI,               )
                                          )
   Petitioner,             )
                                          )
   v.                       )     Civil Action No. 05-999 (RBW)
                                          )
GEORGE WALKER BUSH, <u>et al.</u>,        )
                                          )
   Respondents.             )
_____   )
MOHAMMED AMON,                            )
                                          )
   Petitioner,             )
                                          )
   v.                       )     Civil Action No. 05-1493 (RBW)
                                          )
GEORGE WALKER BUSH, <u>et al.</u>,        )
                                          )
   Respondents.             )
_____   )

AMEEN MOHAMMAD ALBKRI, et al.,          )
                                        )
    Petitioners,                        )
                                        )
    v.                                  )
                                        )     Civil Action No. 05-1639 (RBW)
GEORGE WALKER BUSH, et al.,             )
                                        )
    Respondents.                        )
_____ )
ABDALHADI M. AL-SOPAI, et al,           )
                                        )
    Petitioners,                        )
                                        )
    v.                                  )     Civil Action No. 05-1667 (RBW)
                                        )
GEORGE WALKER BUSH, et al.,             )
                                        )
    Respondents.                        )
_____ )
KADEER KHANDAN,                         )
                                        )
    Petitioner,                         )
                                        )
    v.                                  )     Civil Action No. 05-1697 (RBW)
                                        )
GEORGE WALKER BUSH, et al.,             )
                                        )
    Respondents.                        )
_____ )
ISSAM HAMID ALI BIN ALI AL JAYFI, et al., )
                                        )
    Petitioners,                        )
                                        )
    v.                                  )     Civil Action No: 05-2104 (RBW)
                                        )
GEORGE WALKER BUSH, et al.,             )
                                        )
    Respondents.                        )
_____ )

JABBAROW OYBEK JAMOLIVICH, )
 )
  Petitioner, )
 )
  v. )  Civil Action No: 05-2112 (RBW)
 )
GEORGE WALKER BUSH, <u>et al.</u>, )
 )
  Respondents. )
_____)

AMER MOHAMMON, <u>et al.</u>, )
 )
  Petitioners, )
 )
  v. )  Civil Action No: 05-2386 (RBW)
 )
GEORGE WALKER BUSH, <u>et al.</u>, )
 )
  Respondents. )
_____)

WASIM, <u>et al.</u>, )
 )
  Petitioners, )
 )
  v. )  Civil Action No: 06-1675 (RBW)
 )
GEORGE WALKER BUSH, <u>et al.</u>, )
 )
  Respondents. )
_____)

MAJID KHAN, <u>et al.</u>, )
 )
  Petitioners, )
 )
  v. )  Civil Action No: 06-1690 (RBW)
 )
GEORGE WALKER BUSH, <u>et al.</u>, )
 )
  Respondents. )
_____)

HAJI WAZIR, et al.,                                    )
                                                       )
                                                       )
        Petitioners,                                   )
                                                       )
        v.                                             )        Civil Action No: 06-1697 (RBW)
                                                       )
DONALD RUMSFELD, et al.,                               )
                                                       )
        Respondents.                                   )
_____                    )

## ORDER

On October 17, 2006, Congress enacted the Military Commissions Act of 2006 ("MCA"),

Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2636-37 (2006), which, inter alia, amends 28 U.S.C. §

2241 (2000) in a manner that raises serious questions concerning whether this Court retains

jurisdiction to hear the above-captioned cases.  See 28 U.S.C. § 2241(e).  These questions are

currently pending resolution in the United States Court of Appeals for the District of Columbia

Circuit.  Until the District of Columbia Circuit resolves the jurisdictional questions raised by the

MCA, it is this Court's view that it lacks the authority to take any action in these cases.

Accordingly, it is hereby

    **ORDERED** that all pending motions in the above-captioned cases are hereby DENIED

WITHOUT PREJUDICE until such time as the District of Columbia Circuit resolves the

question of this Court's jurisdiction to adjudicate these cases.[1]  It is further

    **ORDERED** that the above-captioned cases are ADMINISTRATIVELY CLOSED.  In the

event that the District of Columbia Circuit concludes that this Court retains some degree of

_____

[1] If the District of Columbia Circuit concludes that this Court retains jurisdiction over these cases, either
party may move to reinstate the pending motions.

5

jurisdiction over any or all of the above-captioned cases, the matters will be automatically re-opened as appropriate.

     **SO ORDERED** this 31st day of January, 2007.


                              REGGIE B. WALTON
                              United States District Judge