IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Al-Oshan v. Bush | ) | Case No.  05-CV-0520 (RMU) |
| Tumani v. Bush | ) | Case No.  05-CV-0526 (RMU) |
| Sohail v. Bush | ) | Case No. 05-CV-0993 (RMU) |
| Al Karim v. Bush | ) | Case No. 05-CV-0998 (RMU) |
| Al-Hela v. Bush | ) | Case No.  05-CV-1048 (RMU) |
| Zalita v. Bush | ) | Case No.  05-CV-1220 (RMU) |
| Hatim v. Bush | ) | Case No.  05-CV-1429 (RMU) |
| Kiyemba v. Bush | ) | Case No.  05-CV-1509 (RMU) |
| Rabbani v. Bush | ) | Case No.  05-CV-1607 (RMU) |
| Alkhemisi v. Bush | ) | Case No.  05-CV-1983 (RMU) |
| Al-Halmandy v. Bush | ) | Case No. 05-CV-2385 (RMU) |
| Al-Delebany v. Bush | ) | Case No. 05-CV-2477 (RMU) |
| Naseer v. Bush | ) | Case No. 06-CV-1689 (RMU) |
| Al-Zarnouqi v. Bush | ) | Case No. 06-CV-1767 (RMU) |

_____

## OPPOSITIONS TO MOTIONS FOR RECONSIDERATION

### PRELIMINARY STATEMENT

On April 19, 2007, respondents in these cases moved to dismiss on the basis of binding circuit caselaw under which this Court lacks jurisdiction over this proceeding.  By decision issued on September 20, 2007, and judgment order entered the next day, the motion was granted

and these cases dismissed. Now petitioners seek to have these cases reinstated.[1] Most of what petitioners say has no bearing whatsoever on the question of whether this Court should undo its action in dismissing these cases. The balance of their argument is simply wrong.

As this Court recognized in issuing its ruling dismissing these cases, the Court of Appeals for this Circuit has ruled that cases such as these – petitions for writs of habeas corpus filed on behalf of Guantanamo Bay detainees – are outside the jurisdiction of this Court. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). Although the Supreme Court has decided to review *Boumediene*, the rule announced in that case constitutes binding circuit precedent. *See, e.g., Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"). Therefore, this Court's decision to rule in accordance with that case was not erroneous. Having decided to resolve respondents' Motion to Dismiss, the Court had no choice but to rule as it did.

## ARGUMENT

1. Petitioners' motion does not directly take issue with the proposition that the decision in *Boumediene* binds this Court. The closest that the motion comes to suggesting that this Court actually does currently have jurisdiction over this case is to quote from an outdated 2006 opinion in *Kiyemba v. Bush*, C.A. No. 05-1509, in which this Court noted that the jurisdictional question had not yet been resolved by the Court of Appeals. Petitioners' citation to that decision for that proposition is misplaced.

---

[1] Curiously, petitioners in *Kiyemba v. Bush* did not file an opposition to respondents' Motion to Dismiss. The reconsideration motion filed in that case would seem to be subject to denial for that reason alone.

Although the jurisdictional issue had not yet been resolved by the D.C. Circuit in 2006 when the *Kiyemba* opinion was issued, that is no longer the case.[2]  In *Boumediene*, that court announced its ruling on that very issue, which it resolved in favor of the government.  In fact, that is the very reason that this Court gave for its decision to dismiss these cases.  And although the Supreme Court has decided to review the Court of Appeals' decision – as this Court was aware when it decided to dismiss these cases on the strength of the D.C. Circuit's *Boumediene* decision, *see, e.g.*, Further Notice of Activity in Guantanamo Cases, filed on July 2, 2007, in *al Hela v. Bush,* 05-1048, Dkt. No. 98) – this Court was absolutely correct in recognizing that *Boumediene* remains binding law in this Circuit, unless and until such time as the Supreme Court might vacate or reverse that decision.[3]

    2.  Rather than directly contesting this Court's manifestly correct understanding of the

---

[2]  Petitioners' citation to the 2006 *Kiyemba* opinion of this Court is erroneous in another respect as well: the motion papers of many of the petitioners mischaracterize that decision as having constituted a recall of a mandate by the Court of Appeals.

[3]  The *al Hela* and *Hatim* petitioners' citation to a recent decision by Judge Kessler in *Ruzathullah v. Gates*, Civ. No. 06-1707 for the proposition that *Boumediene* is not quite final in some sense should be seen as unavailing.  Judge Kessler relied in this regard on the fact that the Court of Appeals withdrew its mandate in *Boumediene* and that the Supreme Court decided to review that decision.  But those facts are irrelevant to the binding nature of the *Boumediene* decision as precedent in these cases as long as that decision remains on the books.  *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring).  And, the opinion in *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C. Cir. 1978), the case cited in the snippet of Judge Kessler's opinion quoted by petitioners in this connection, makes the following point: "It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing.  But it is equally clear that the vitality of that judgment is undiminished by pendancy [sic] of the appeal."  *Id*. at 1128-29.  Thus, a Court of Appeals decision that has not been vacated or reversed by the court *en banc* or by the Supreme Court is binding precedentially; a district court judgment that has not been stayed is effective; and the absence of a mandate following an appellate decision could have an impact in the particular case in which the decision was issued, but does not diminish the obligation of the district court in the circuit in which it was issued to follow that decision.

law of this Circuit, petitioners[4] contend that the Court did not have jurisdiction to consider

respondents' Motion to Dismiss in the first place, and that the Court of Appeals had instructed

this Court not to rule on that motion in any event.  Petitioners are wrong on both counts.

      a.  Petitioners' argument concerning the Court's authority to consider the Motion

to Dismiss starts from the unobjectionable proposition that the filing of a notice of appeal in a

district court generally divests the district court of jurisdiction to consider the matter from which

the appeal is taken.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Because an appeal was taken from an interlocutory order during the course of this litigation,

petitioners would apply the *Griggs* rule out of context to mean that the Court cannot address the

merits of these cases.

      The rule discussed in *Griggs* "has several qualifications, however, perhaps the foremost

of which is that an appeal taken from an interlocutory decision does not prevent the district court

from finishing its work and rendering a final decision. This is so for appeals concerning

preliminary injunctions."  *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir.

2006).  That qualification of the *Griggs* rule is well settled.  *See, e.g., Webb v. GAF Corp.*, 78

F.3d 53, 55 (2d Cir.1996) (per curiam) (same); *New York State Nat'l Org. for Women v. Terry*,

886 F.2d 1339, 1350 (2d Cir.1989) (same); *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981)

("where an appeal is allowed from an interlocutory order, the district court may still proceed

---

[4]  In several of these cases, petitioners do not argue that this Court lacks jurisdiction
because of a pending appeal in those cases (presumably because they recognize that they cannot
point to an appeal on which to base such an argument).  Footnote 3 of the brief filed by several
petitioners states that this Court dismissed one of those cases, *Zalita v. Bush*, 05-cv-1220, on
April 25, 2007, upon receiving a mandate from the Court of Appeals.  No such dismissal
occurred.  This case was dismissed along with the others, by means of the decision issued on
September 20, 2007, and the judgment order entered the next day.

with matters not involved in the appeal. 9 Moore's Federal Practice, supra, at 3-54 (2d ed. 1980).").

The only appeals that were taken in these cases were interlocutory appeals from injunctive orders relating to planned or possible transfers of the detainees involved (and, in one case, to a stay).[5] They were not appeals from final judgments, or from any rulings on the merits of petitioners' claims. Therefore, petitioners can point to no notice of appeal that has divested this Court of jurisdiction to consider the dismissibility of these cases.

b. According to petitioners, the Court of Appeals instructed this Court to refrain from dismissing these cases. Petitioners are wrong. The various orders that they cite in this connection do not say any such thing. The Court of Appeals has indicated that it would defer a decision as to how to proceed on certain appeals in Guantanamo Bay detainee cases until the Supreme Court rules in *Boumediene*. *See, e.g.*, *Abdah v. Bush*, No. 05-5224 (order entered on August 7, 2007, attached as Exhibit H to Motion to Reconsider and Vacate in *Rabbani v. Bush*, No. 05-1607). But it did not impose on this Court any particular approach to the docket-control question of whether to wait for a Supreme Court decision in *Boumediene* before ruling on respondents' Motion to Dismiss. As the Court of Appeals noted in its order of June 7, 2007 in *Al Ginco v. Bush*, No. 06-5191, attached as Exhibit B, "[t]he district court may consider in the first instance respondents' motion to dismiss."[6] Thus, petitioners' position that dismissal could not be

---

[5] *See* Chart attached as Exhibit A (listing relevant aspects of the appellate histories of the various cases included in this Court's September 20 dismissal order).

[6] For context, two orders entered by the Court of Appeals in *Al Ginco* on June 7, 2007, are included in Exhibit B. Petitioners in *al Hela* and *Hatim* argue that their position is supported by a comment made concerning the cited *Al Ginco* order in a recent decision by Judge Kessler in *Ruzathullah v. Gates*. According to Judge Kessler, the Court of Appeals decided not to vacate

effected by this Court because of activity in the Court of Appeals is simply incorrect.

3.  The basic purpose of the various motions filed to challenge this Court's dismissal orders, stated explicitly in some instances but at least implicit in all of the motions, appears to be to retain the effectiveness of the interlocutory protective order entered in these various cases. But asking a court to reinstate a case that is jurisdictionally defective for the purpose of resurrecting an order that does not resolve the merits of the case should be seen for what it is: circular and unwarranted.  An order entered on an interlocutory basis during the pendency of a case does not survive dismissal of the case.  *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994).  Particularly here, where petitioners may file – and in several instances, have filed – a petition for relief in the Court of Appeals pursuant to the Detainee Treatment Act, and obtain the benefits of a protective order to replace the one that was effectively vacated by this Court's dismissal of these cases,[7] predicating a request for reinstatement of these cases on an interest in this Court's protective order would be inappropriate.

---

pre-transfer notice orders that were on appeal, somehow suggesting that the orders were not jurisdictionally suspect.  But the very point of the Court of Appeals' order in *Al Ginco* was that it was up to the District Court to resolve the issues by ruling on respondents' dismissal motion (as the Court has done here).  Such a dismissal would, of course, render an appeal of the notice orders functionally moot, as we demonstrate here.  Indeed, the fact that the Court of Appeals views notice orders to be jurisdictionally inappropriate is demonstrated by that court's denial of relief with regard to a potential transfer in *See Hamlily v. Gates*, 07-1127 (D.C. Cir.) (attached as Exhibit C), as well as in *Zalita v. Bush*, No. 07-5129 (attached as Exhibit D).  The Supreme Court also denied a motion for such relief in *Zalita*, No. 06A1005 (attached as Exhibit E).

[7] Of course, petitioners' counsel explicitly agreed, as a condition for access to such information, that the Protective Order's non-disclosure requirements would survive termination of the litigation and remain forever binding.  *See* 344 F. Supp. 2d 174, ¶ 17 & Exhibit B thereto (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); *id.* ¶ 35 & Exhibit C thereto (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation).

For the reasons discussed above, petitioners' recently filed motions which, although styled differently, all seek reconsideration of this Court's dismissal of these cases, should be denied.

Dated: October 4, 2007                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          DOUGLAS N. LETTER
                                          Terrorism Litigation Counsel

                                          _____/s/ Andrew I. Warden_____
                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                          JUDRY L. SUBAR (D.C. Bar 347518)
                                          TERRY M. HENRY
                                          JAMES J. SCHWARTZ
                                          JEAN LIN
                                          ROBERT J. KATERBERG
                                          ANDREW I. WARDEN (IN Bar No. 23840-49)
                                          NICHOLAS A. OLDHAM
                                          JAMES C. LUH
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave., N.W.
                                          Washington, DC  20530
                                          (202) 514-2000

7

# EXHIBIT A

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-0454 | Qayed v. Bush | June 2, 2005 (dkt. no. 6) | April 6, 2005 (dkt. no. 4) (advance notice of transfer) | Respondents | 05 5245 | August 9, 2007 Order (D.C. Cir.) -- Appeal dismissed as moot because petitioner has been released from United States custody.  Motion to vacate notice orders and to dismiss habeas petition denied without prejudice. The district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot. |
| 05-CV-0520 | Al-Oshan v. Bush | May 31, 2005 (dkt. no. 27) | March 31, 2005 (dkt. no. 12) (advance notice of transfer) | Respondents | 05 5237 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |
| 05-CV-0526 | Tumani v. Bush | June 2, 2005 (dkt. no. 8) | April 6, 2005 (dkt. no. 5) (advance notice of transfer) | Respondents | 05 5244 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-0993 | Sohail v. Bush | November 14, 2005 (dkt. no. 7) | September 13, 2005 (dkt. no. 3) (advance notice of transfer) | Respondents | 05 5478 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |
| 05-CV-0998 | Al Karim v. Bush | October 7, 2005 (dkt. no. 4) | August 8, 2005 (dkt. no. 3) (advance notice of transfer) | Respondents | 05 5374 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |
| 05-CV-1048 | Al-Hela v. Bush | June 10, 2005 (dkt. no. 19) | June 3, 2005 (dkt. no. 12) (advance notice of transfer) | Respondents | 05 5230 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-1220 | Zalita v. Bush | September 23, 2005 (dkt. no. 5) | July 25, 2005 (dkt. no. 3) (advance notice of transfer) | Respondents | 05 5353 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |
| 05-CV-1220 | Zalita v. Bush | April 20, 2007 (dkt. no. 52) | April 19, 2007 (dkt. no. 51) (order denying PI to enjoin transfer to Libya) | Petitioner | 07 5129 | April 25, 2007 Order (D.C. Cir) -- Motion for emergency injunction denied.  Case dimissed for lack of jurisdiction. Mandate issued June 27, 2007. |
| 05-CV-1429 | Hatim v. Bush | October 21, 2005 (dkt. no. 30) | August 22, 2005 (dkt. no. 16) (advance notice of transfer) | Respondents | 05 5398 | August 9, 2007 Order (D.C. Cir.) -- Appeal held in abeyance pending further order of the court. Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush |

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-1453 | Al-Subaiy v. Bush | November 18, 2005 (dkt. no. 29) | September 19, 2005 (dkt. no. 14) (advance notice of transfer) | Respondents | 05 5482 | August 9, 2007 Order (D.C. Cir.) -- Appeal dismissed as moot because petitioner has been released from United States custody.  Motion to vacate notice orders and to dismiss habeas petition denied without prejudice.  The district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot. |
| 05-CV-1509 | Kiyemba v. Bush | November 14, 2005 (dkt. no. 35) | September 13, 2005 (dkt. no. 8) (advance notice of transfer) | Respondents | 05 5487 | March 22, 2007 Order (D.C. Cir.) -- Appeal dismissed as moot with respect to Saddiq Turkestani because he has been released from custody.  Cases of remaining petitioners dismissed for lack of subject matter jurisdiction. |

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-1509 | Kiyemba v. Bush | December 1, 2005 (dkt. no. 42) | September 13, 2005 (dkt. no. 8) (order staying proceedings) | Petitioner | 05 5488 | March 22, 2007 Order -- Appeal dismissed as moot with respect to Saddiq Turkestani because he has been released from custody.  Cases of remaining petitioners dismissed for lack of subject matter jurisdiction. Mandate issued May 19, 2007.  Mandate recalled September 7, 2007. |
| 05-CV-1607 | Rabbani v. Bush | August 14, 2006 (dkt. no. 27) | June 16, 2006 (dkt. no. 19)  (advance notice of transfer) | Respondents | 06 5235 | June 7, 2007 Order -- Appeals dismissed for lack of jurisdiction. Government motion to vacate notice order and to dismiss habeas petitions denied without prejudice. District Court may consider in the first instance government's motion to dismiss and petitioners' motions to stay and hold in abeyance. |

EXHIBIT A -- LIST OF APPEAL HISTORIES OF CASES INCLUDED IN THE COURT'S SEPTEMBER 20 DISMISSAL ORDER

| Habeas Case Number | Case Name | Date Notice of Appeal Filed | Order Under Appeal | Party Filing Appeal | Appeal Case Number | Status Of Appeal |
|---|---|---|---|---|---|---|
| 05-CV-1983 | Alkhemisi v. Bush | January 20, 2006 (dkt. no. 8) | November 21, 2005 (dkt. no. 5)  (advance notice of transfer) | Respondents | 06 5041 | Aug. 9, 2007 Order -- Appeal held in abeyance pending further order of the court.  Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |
| 05-CV-2385 | Al Halmandy v. Bush | No Appeal Filed | | | | |
| 05-CV-2477 | Al-Delebany v. Bush | No Appeal Filed | | | | |
| 06-CV-1689 | Naseer v. Bush | No Appeal Filed | | | | |
| 06-CV-1767 | Al-Zarnouqi v. Bush | February 2, 2007 (dkt. no. 25) | December 4, 2006 (dkt. no. 15)  (advance notice of transfer) | Respondents | 07 5148 | Aug. 9, 2007 Order -- Appeal held in abeyance pending further order of the court.  Parties directed to file motions to govern within 30 days of Supreme Court's decision in Boumediene v. Bush. |

# EXHIBIT B

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――

**No. 06-5191**

**September Term, 2006**

05cv001490
05cv00882
05cv00885
05cv00886
05cv00888
05cv00889
05cv00892
05cv01234
05cv01238
05cv01310
05cv01607
05cv01894
05cv02367
05cv02369
05cv02370
05cv02384
05cv02398
05cv02452
05cv02458
05cv02479
06cv00618

**Filed On: June 7, 2007** [1045791]

Abdulrahim Abdul Razak Al Ginco,
        Appellant

        v.

George W. Bush, President of the United States, et
al.,
        Appellees

―――――――――――――――――――――――――

Consolidated with 06-5196, 06-5197, 06-5198,
06-5205, 06-5235, 06-5236, 06-5265, 06-5284,
06-5285, 06-5286, 06-5287, 06-5320, 06-5325,
06-5326, 06-5328, 06-5329, 06-5330, 06-5384,
06-5385, 06-5420, 07-5046

**BEFORE:**     Randolph, Garland, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motions to vacate and dismiss in Nos. 06-5191, et al.,
and the notice of additional authority; the motion to vacate and dismiss in Nos. 06-5265
and 07-5046; the consolidated opposition to the motions, the supplements thereto, and
notices of district court filings; and the reply; the motion to sever and to set a separate
briefing schedule in No. 06-5191, the response thereto, and the reply; the motion to

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 06-5191

## September Term, 2006

sever in No. 06-5384, the response thereto, and the reply; and the motion to sever and to set a separate briefing schedule in No. 06-5385, the response thereto, and the reply, it is

**ORDERED** that the motions to sever and to set a separate briefing schedule in Nos. 06-5191 and 06-5385 be denied. It is

**FURTHER ORDERED** that the government's motions to dismiss its own appeals and the appeal of Abdulrahim Abdul Razak Al Ginco be granted and Nos. 06-5191, et al., be dismissed for lack of subject matter jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007). It is

**FURTHER ORDERED** that the motion to sever No. 06-5384 be dismissed as moot. It is

**FURTHER ORDERED** that the government's motions to vacate the notice orders and to dismiss the habeas petitions be denied without prejudice. The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5191**

**September Term, 2006**
05cv01490, 05cv00882, 05cv00885,
05cv00886, 05cv00888, 05cv00889,
05cv00892, 05cv01234, 05cv01238,
05cv01310, 05cv01607, 05cv01894,
05cv02367, 05cv02369, 05cv02370,
05cv02384, 05cv02398, 05cv02452,
05cv02458, 05cv02479, 06cv00618

**Filed On:**

Abdulrahim Abdul Razak Al Ginco,
        Appellant

    v.

George W. Bush, President of the United States, et
al.,
        Appellees



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED | JUN - 7 2007

CLERK

Consolidated with 06-5196, 06-5197, 06-5198,
06-5205, 06-5235, 06-5236, 06-5265, 06-5284,
06-5285, 06-5286, 06-5287, 06-5320, 06-5325,
06-5326, 06-5328, 06-5329, 06-5330, 06-5384,
06-5385, 06-5420, 07-5046

06-5331

Adel Hassan Hamad,
        Appellant

    v.

George W. Bush, President of the United States, et
al.,
        Appellees

05cv00888
05cv01009

Consolidated with 06-5357

**BEFORE:**   Randolph, Garland, and Griffith, Circuit Judges

## O R D E R

    Upon consideration of the motion to vacate and dismiss in Nos. 06-5196, 06-5205, 06-5198, 06-5287, and 06-5325, and the notice of additional authority; the consolidated opposition to the motion in Nos. 06-5191, et al., the supplements thereto, the notice of district court filings; and the reply; the response in Nos. 06-5196 and 06-5205, and the reply; and appellant's unopposed motions to dismiss Nos. 06-5205 and 06-5357, it is

# 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 ℂ𝕠𝕦𝕣𝕥 𝕠𝕗 𝔸𝕡𝕡𝕖𝕒𝕝𝕤

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5191**                          **September Term, 2006**

**ORDERED** that the motions to dismiss the appeals be granted. Nos. 06-5196, 06-5205, 06-5357, 06-5198, 06-5287, and 06-5325 are hereby dismissed as moot in light of the release of the petitioners from United States custody. It is

**FURTHER ORDERED** that the motion to vacate the notice orders be dismissed as moot in light of petitioners' release. It is

**FURTHER ORDERED** that the request to dismiss the habeas petition of Hajji Ghalib, appellee in No. 06-5198, be dismissed as moot in light of petitioner's release and the district court's dismissal of his petition for writ of habeas corpus. Ghalib v. Bush, No. 05cv1238 (D.D.C. Mar. 6, 2007). It is

**FURTHER ORDERED** that, in light of the matters currently pending before the district court, including the motion for reconsideration of the dismissal in Gul v. Bush, No. 05cv888 (D.D.C. Mar. 6, 2007); the order to show cause and motion to dismiss in Mohammad v. Bush, 05cv885 (D.D.C.), and the motion to dismiss in Alsaaei v. Bush, 05cv2369 (D.D.C.), this court denies without prejudice the government's request that this court dismiss the habeas cases. As the government noted in its reply in Nos. 06-5196 and 06-5205, the district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot. See Kiyemba v. Bush, Nos. 05-5487, et al., 2007 WL 964612 (D.C. Cir. Mar. 22, 2007). It is

**FURTHER ORDERED** that the consolidation of Nos. 06-5196, 06-5205, 06-5357, 06-5198, 06-5287, and 06-5325 with Nos. 06-5191, et al., be terminated.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 06-5196, 06-5205, 06-5357, 06-5198, 06-5287, and 06-5325 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

*[handwritten signature]*

# EXHIBIT C



**United States Court of Appeals**

FOR THE DISTRICT ~~~~~~~~~~~~

**No. 07-1127**

Filed On:

Mustafa Ahmed Hamlily and Mustafa Ait Idir, as Next
Friend of Hamlily,
            Petitioners

      v.

Robert M. Gates, Sec. of Defense, et al.,
            Respondents

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

JUL 1 6 2007

CLERK

**BEFORE:**    Randolph, Rogers, and Garland, Circuit Judges

## O R D E R

    Upon consideration of the amended emergency motion for an order requiring
respondents to provide 30-days' advance notice of any intended removal of petitioner,
and the opposition thereto, it is

    **ORDERED** that the motion be denied.  This court lacks jurisdiction to grant the
requested relief.  See Khalifh v. Gates, No. 07-1215 (D.C. Cir. June 22, 2007) (citing §
7 of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006);
§ 1005(e)(2) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat.
2680 (2005)); Rahman v. Gates, No. 07-1204 (D.C. Cir. June 19, 2007) (same).

**Per Curiam**

*ARR/ek*

TOTAL P.001

# EXHIBIT C

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 07-5129

Abu Abdul Rauf Zalita,
      Appellant

v.

George W. Bush,
      Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
**FILED**

**APR 25 2007**

**CLERK**

**BEFORE:**    Rogers, Brown, and Kavanaugh, Circuit Judges

## O R D E R

      Upon consideration of the emergency motion for injunctive relief and the response thereto, it is

      **ORDERED** that the motion be denied and the case be dismissed for lack of subject matter jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007); Kiyemba v. Bush, Nos. 05-5487, et al., 2007 WL 964612 (D.C. Cir. Mar. 22, 2007).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

                **Per Curiam**

JWR

JRB (by JHC)

BK

# EXHIBIT E

(ORDER LIST: 550 U.S.)

TUESDAY, MAY 1, 2007

ORDER IN PENDING CASE

06A1005          ZALITA, ABU V. BUSH, PRESIDENT OF U.S., ET AL.

The application for an injunction presented to The Chief

Justice and by him referred to the Court is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Al-Oshan v. Bush | ) | Case No. 05-CV-0520 (RMU) |
| Tumani v. Bush | ) | Case No. 05-CV-0526 (RMU) |
| Sohail v. Bush | ) | Case No. 05-CV-0993 (RMU) |
| Al Karim v. Bush | ) | Case No. 05-CV-0998 (RMU) |
| Al-Hela v. Bush | ) | Case No. 05-CV-1048 (RMU) |
| Zalita v. Bush | ) | Case No. 05-CV-1220 (RMU) |
| Hatim v. Bush | ) | Case No. 05-CV-1429 (RMU) |
| Kiyemba v. Bush | ) | Case No. 05-CV-1509 (RMU) |
| Rabbani v. Bush | ) | Case No. 05-CV-1607 (RMU) |
| Alkhemisi v. Bush | ) | Case No. 05-CV-1983 (RMU) |
| Al-Halmandy v. Bush | ) | Case No. 05-CV-2385 (RMU) |
| Al-Delebany v. Bush | ) | Case No. 05-CV-2477 (RMU) |
| Naseer v. Bush | ) | Case No. 06-CV-1689 (RMU) |
| Al-Zarnouqi v. Bush | ) | Case No. 06-CV-1767 (RMU) |

_____

**ORDER**

Upon the various motions to reconsider and/or vacate the Memorandum Order entered in these cases on September 20, 2007, and the Judgment Order entered in these cases on September 21, 2007, it is hereby

ORDERED that the motions are denied.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE